## H. JACKMAN, ET AL. v. URIAH GARTIN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—989.]

### Action for Fraudulent Warranty.

Where, in an action to quiet, a title is held good, the parties thereto and those claiming under or through them can not thereafter recover on a fraudulent warranty or maintain an action therefor.

### APPEAL FROM BOYLE CIRCUIT COURT.

May 12, 1883.

OPINION BY JUDGE PRYOR:

The difficulty in the way of the appellants is in the recovery of the vendors against the vendees, who are appellants here, of the purchase-money agreed to be paid for the land sold them. The lien for the purchase-money was enforced and the appellants compelled to accept the title after a litigation involving the question as to whether the appellants should accept it. They were turned out of possession, as the answer alleged, by a writ in favor of the vendors in this equitable proceeding to enforce the lien. After this has been done this action for a breach of the warranty is brought alleging an eviction and a want of title.

The character of the eviction is explained in the answer and not denied in the reply. In the action of Robards' creditors to subject the land the appellants were not parties, under which action they were not evicted. After being in a court of equity where the defense if there was a want of title could have been made, and where it was in fact relied on and a recovery had by their vendors, they now sue upon an alleged fraudulent warranty. Although Robards was not a party to the equity suit of Benton and Gartin, it was in that action that the appellees (Benton and Gartin), recovered, and for the reason that the title was held to be good, and now the effort is to re-

cover on a fraudulent warranty made in the same deed. The action can not be maintained.

Judgment *affirmed*.

*Fox & Fox, for appellants.*

*Durham & Jacobs, for appellees.*